# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACQUELINE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12 C 3670 |
| ) | |
| CHICAGO BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jacqueline Johnson is a former employee of the Chicago Board of Education who worked at Jane A. Neil Elementary School. After an on-the-job injury, she took medical leave. In 2009, while on leave, Johnson was laid off. Johnson alleges she sought to apply for a position with the Board once she recovered, but it withheld vacancies from her because of her disability. Johnson contends the Board's failure to rehire her violated the Illinois Workers Compensation Act (IWCA), 820 ILCS 305/4(h), and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112. The Board has moved for summary judgment.

## Background

Johnson is a former "children's welfare attendant." Her responsibilities included moving, lifting, and repositioning disabled children. In this role, Johnson was injured numerous times, filing nine workers' compensation claims between 2004 and 2009. In 2009, Johnson was laid off while she was on medical leave. Johnson filed several

grievances challenging her dismissal; none were successful.  In a declaration, another employee at Neil Elementary School stated that the principal disliked that "Johnson had to take time off for work injuries" and "that she was getting rid of Mrs. Johnson for that reason, but she never told Mrs. Johnson that."  D.E. 172, Pl.'s Ex. 1 ¶ 8 (Amended Bunch Decl.).

Johnson commenced a job search with the Board in 2010.  To inquire into CPS openings, she only visited the human resources department, even though the Board also offers an online portal and a "vacancy pool" for interested applicants to review.  After her search proved unsuccessful, Johnson called a Board human resources employee, who told her (and two others whom Johnson invited to listen in to the call) that she had been marked as "do not hire."  Johnson also sought employment by speaking during the public-comment period at Board of Education meetings.  In response to comments Johnson made at the October 2010 meeting, the Board sent Johnson a November 16 letter stating there was no impediment to her future employment at CPS.  But Johnson contends that, after a December 2010 board meeting, the general counsel privately told her she would not be hired.  Yet Johnson was hired as a probationary teacher in September 2016.  In June 2017, the Board of Education did not renew Johnson's position, finding that she was not developing into a proficient teacher.

On May 31, 2011, Johnson filed an EEOC charge challenging the Board's refusal to rehire her.  The EEOC referred the charge to the Illinois Department of Human Rights, which dismissed it as untimely.  The EEOC adopted the IDHR's findings and advised Johnson of her right to file suit.  Johnson filed this lawsuit in May 2012.

The Court initially dismissed Johnson's case for want of prosecution, but the court of appeals reversed the dismissal and remanded the case. The Court later dismissed all of Johnson's claims except for those arising out of the Board's decision not to rehire her following the December 2010 meeting.

Johnson now contends that the Board's failure to rehire her violated the IWCA by because it was done in retaliation for asserting her workers' compensation rights. She also contends the Board violated the ADA by discriminating against her because of her disability. The Board of Education has moved for summary judgment on both counts.

**Discussion**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Johnson can defeat summary judgment by showing that a reasonable jury could return a verdict of her favor. *Benuzzi v. Bd. of Educ. of City of Chi.*, 647 F.3d 652, 662 (7th Cir. 2011). If Johnson is unable to "establish the existence of an element essential to [her] case" and "on which [she] will bear the burden of proof at trial," summary judgment is warranted. *Id.* (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

First, Johnson alleges that the Board violated the IWCA when it refused to rehire her. The IWCA prohibits any employer from refusing to rehire an employee "because of the exercise of his or her rights or remedies granted to him or her by this Act." 820 ILCS 305/4(h). Illinois courts recognize an implied "threshold requirement" for a failure-to-rehire IWCA claim: the employee must have a "reasonable expectation" that he or she would return to the workplace. *Webb v. County of Cook*, 275 Ill. App. 3d 674, 676,

3

656 N.E.2d 85, 87 (1995). The Board is entitled to summary judgment on Johnson's IWCA claim, because Johnson did not have a reasonable expectation of returning to her old role. Johnson was laid off; she was not placed on some status from which one would reasonably expect to return, like a temporary reassignment.

Johnson argues that no such requirement exists, but her argument is unconvincing, because it relies on cases that were all decided before *Webb*, which first articulated the "reasonable expectation" requirement. *See Motsch v. Pine Roofing Co.*, 178 Ill. App. 3d 169, 533 N.E.2d 1 (1988); *Wright v. St. Johnson Hosp. of Hosp. Sisters of Third Order of St. Francis*, 229 Ill. App. 3d 680, 593 N.E.2d 1070 (1992). Indeed, *Webb* expressly notes that one of those cases, *Motsch*, "provides tacit support" for the "reasonable expectation" requirement. *Webb*, 275 Ill. App. 3d at 677, 656 N.E.2d at 87. Further, several courts have applied the "reasonable expectation" requirement since *Webb* was decided. *Burns v. Chi. Park Dist.*, No. 99 C 3479, 2002 WL 31018363, at *2 (N.D. Ill. Sept. 9, 2002); *Klinkner v. County of DuPage*, 331 Ill. App. 3d 48, 51, 770 N.E.2d 734, 736 (2002). The Board is entitled to summary judgment on the IWCA claim, because no reasonable jury could find that Johnson had a reasonable expectation of returning to employment with the Board after her layoff.

Second, Johnson alleges that the Board's decision not to rehire her violated the ADA. An ADA claim requires the plaintiff to prove four elements: the plaintiff was (1) disabled under the meaning of the ADA and (2) qualified to perform the job, but (3) the defendant took an "adverse employment action" (4) because of the plaintiff's disability. *Edwards v. Ill. Dep't of Fin. and Prof'l Reg'n*, 210 F.Supp.3d 931, 945 (N.D. Ill. 2016) (*citing Basden v. Prof'l Transp., Inc.*, 714 F.3d 1034, 1037 (7th Cir. 2013)). Although

4

the Board contests the third and fourth elements in its briefs, the Court finds that it is entitled to summary judgment because Johnson cannot demonstrate an "adverse employment action." Thus the Court does not address the fourth element.

The first issue is whether Johnson could convince a reasonable jury that she suffered an "adverse employment action." A refusal to rehire is a "classic" adverse action. *Montgomery v. DePaul Univ.*, No. 10 C 78, 2012 WL 3903784, at *12 (N.D. Ill. Sept. 7, 2012). To prevail on her failure-to-rehire claim, Johnson must show that she actually applied for the position for which she was not hired, unless "the plaintiff demonstrates that the employer's discriminatory practices deterred plaintiff from applying." *Hudson v. Chi. Transit Auth.*, 375 F.3d 552, 558 (7th Cir. 2004). It is undisputed that Johnson never applied for a job during the period in question, so the question is whether the Board's practices deterred her from applying.

Johnson contends that she attempted to apply for positions by visiting the HR office but was never informed of any vacancies. Johnson is already off to a bad start: the Board offers a vacancy pool and an online portal for job applicants, but Johnson never consulted these resources. So Johnson is really arguing that she was not informed of vacancies through the sole route she took—even though others existed. No reasonable jury could find that she was deterred from applying when she did not take advantage of opportunities that were easily available to her to apply for positions— especially when Johnson has not presented any evidence that the "Do Not Hire" notation affected her ability to learn of vacancies through these avenues.

After Johnson's search was unsuccessful, she arranged a phone call with someone from the human resources department of the Board. Johnson offers her own

declaration and two from the other people who listened in on the call, each whom states that the unidentified individual told Johnson that her file had been marked as "do not hire." D.E. 163, Pl.'s Ex. 1 ¶ 19 (Johnson Decl.); *id.*, Pl.'s Ex. 2 ¶ 6 (Gregory Johnson Decl.); *id.*, Pl.'s Ex. 3 ¶ 8 (Gilmore Decl.).[1] Johnson testified that the individual stated that her file had been marked because "the principal said she didn't want me back, and that—it was more of a negative . . . like I was a bad risk or something like that." D.E. 152, Def.'s Ex. 1 at 17-18 (Sept. 1, 2016 Johnson Dep.).

All of this is evidence that Johnson heard someone *say* that her file was marked as "do not hire"; none of it is evidence that her file was actually marked. All evidence considered on a motion for summary judgment must be admissible at trial; that means, in part, that declarations must be supported by personal knowledge. *Johnson v. Holder*, 700 F.3d 979, 982 (7th Cir. 2012). None of the parties, by listening in on Johnson's phone call with an unidentified third party, obtained personal knowledge of Johnson's hiring status at the Board by virtue of that call. *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (*citing Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991) (en banc) ("although personal knowledge may include reasonable inferences, those inferences must be grounded in observation or other first-hand personal experience."). The Board employee on the other end of the line may well have possessed personal knowledge of Johnson's alleged "do not hire" designation, but his statement is inadmissible hearsay. Johnson cannot avail herself of Rule 801(d)(2)(D), which treats

---

[1] The Board argued that Johnson's declaration was a sham intended to contradict prior deposition testimony. But Johnson's deposition testimony did not consist of "clear answers to unambiguous questions," so the declaration can be fairly read as clarifying prior confusing answers. *See Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1172 (7th Cir. 1996).

an opposing party's statements as non-hearsay if the statement "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). Johnson has offered no evidence at all about who was on the other end of the phone call, so there is no basis for a determination that the individual offered the statement was speaking on a matter that was actually "within the scope of the[] employment relationship." *Bordelon v. Bd. of Ed. of the City of Chi.*, 811 F.3d 984, 992 (7th Cir. 2016).

Without the evidence of the purported statement over the phone, the only remaining evidence Johnson has to show the Board would not hire her is a statement she attributes to Patrick Rocks, who at the time was general counsel for the Board. Johnson states that Rocks told her, in a hallway conversation following a meeting of the Board, that she would not be hired. But this statement occurred *after* Rocks sent Johnson a letter that stated:

> In closing, we are not aware of an impediment to your re-employment in another position. If you wish to pursue employment with the Board, we suggest that you contact the Office of Human Capital to identify schools that report vacancies that match your qualifications and interests.

D.E. 152, Def.'s Ex. 45 at 3 (Nov. 16, 2010 Rocks letter to Johnson).

Taken together, the evidence of Rocks' contradictory statements does not show the sort of "discriminatory practices" that courts in other cases found rendered it futile to submit a job application. *See Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016) (no application requirement for plaintiffs who complained of sexual discrimination at an old ambulance service when they were barred from applying to the new ambulance service); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 867 (7th Cir. 1985) (no application requirement for female plaintiffs who were never informed of

7

vacancies in program that only recommended men for meat-cutting position). *See also Wilkerson v. Menard, Inc.*, No. 08 C 26, 2009 WL 1011099, at *8 (N.D. Ind. Apr. 15, 2009) (application requirement applied to an individual who rejected an invitation to apply for employment in the mistaken but genuine belief that an application would be futile). Under the circumstances, and given Johnson's failure to submit an application, no reasonable jury could find that she suffered an actionable adverse employment action when she was not hired, which is a required element of her ADA claim. Thus the Court concludes the Board is entitled to summary judgment on Johnson's ADA claim.

There are additional issues the parties contested: the interval between Johnson's workers compensation activities and the decision not to rehire her; her failure to introduce a comparator under the *McDonnell Douglas* burden-shifting framework; the admissibility of the Bunch declaration under 28 U.S.C. § 1746; Johnson's compliance with LR 56.1; and Rocks' mindset. The Court does not to resolve these issues, as none changes the disposition of the case.

### Conclusion

For the foregoing reasons, the Court grants the defendant's motion for summary judgment [dkt. no. 149] and directs the Clerk to enter judgment in favor of the defendant and against the plaintiff.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 29, 2018